UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                                         Case No. 8:15-CR-214-T-27TBM

GLENN JASEN and
KATHRYN JASEN
_____/

ORDER

**BEFORE THE COURT** is Defendants' Motion in Limine to Exclude Evidence of Defendant's Prior Alleged Offense Conduct (Dkt. 53) and the Government's opposition (Dkt.58). The subject of Defendant's motion is purported Rule 404(b) evidence.[1] The Government represents, however, that it will not seek to introduce the disputed evidence in its case in chief. Accordingly, Defendants' motion is provisionally **GRANTED**. No mention of the disputed evidence may be made in the presence of the jury until the Government proffers the evidence and evidentiary proof supporting its admissibility to the Court, and obtains a ruling on its admissibility. Notwithstanding, for the guidance of the parties, some discussion is appropriate.

According to its First Trial Brief, the Government intends to prove its case by establishing that on February 10, 2014, Defendants falsely denied on a Seller's Real Property Disclosure Statement that they were aware of any sinkholes or sinkhole claims related to real property they were selling, that no sinkhole claim had been made on the property, and no claim had been paid (Dkt. 52, p. 4-5). Relying on *United States v. Nader*, 197 F.3d 1122 (11th Cir. 1999), the Government contends those false statements were material because they had the tendency to influence or were

---

[1] Under Rule 404(b)(2), Fed. R. Evid., the Government may introduce "[e]vidence of a crime, wrong, or other act " to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." And that list is not exhaustive. *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003).

1

Case 8:15-cr-00214-JDW-TBM   Document 62   Filed 09/01/15   Page 2 of 3 PageID 482

capable of influencing a decision, specifically, the decision of the purchaser's lender to extend a mortgage.

On request, the Government must provide reasonable notice of the general nature of Rule 404(b) evidence before trial, unless pretrial notice is excused. Rule 404(b)(2). The Government provided notice that it intends to offer, as Rule 404(b) evidence, that on July 4, 2011, Glenn Jasen "filed papers with the Florida Secretary of State which improperly deleted Miedama's name from the ownership section of the registration of the fictitious name 'Central Cooling & Heating' although the name continued to be owned and associated with Central Cooling & Heating, Inc. . ." (Dkt. 39, p. 4). The Government also refers to evidence "associated with other false statements made by the defendants, including Glenn Jasen with the Florida Department of State Division of Corporations (*see, e.g. Southern Farm Bureau Life Ins. Co. v. Joy; et al*, 8:12-cv-1245-T-27TGW, Doc. 34, at 4, ¶ 92) and actions associated with it." (Dkt. 58, p. 2).

The Government asserts that its notice was sufficiently specific. The Court disagrees. Only one "act" is described in the cited paragraph of the referenced Cross-claim, although the Government references, in the plural, evidence "associated with other false statements made by the defendants." What other "false statements" or "actions associated with it" cannot be ascertained from the Government's Notice. This discussion is therefore limited to the document filed with the State of Florida.

Describing the evidence as a "fraudulent document filed with the state of Florida," and a "lie on paper to get money," the Government contends that this is "functionally similar to the conduct of the defendant Glenn Jasen in this case." That contention is puzzling, as there is no apparent relationship between the registration of a fictitious name, properly or improperly, and an entitlement

to the proceeds of a life insurance policy, which was the issue in that civil action.[2]

The bottom line is that the relevance of the purported Rule 404(b) evidence, if any, is not apparent. More specifically, it is unclear how that document tends to prove Glenn Jasen's motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, accident or any other aspect of the wire fraud charged in the Indictment. Based on the Government's Notice, and assuming it can prove that Glenn Jasen was responsible for the fraudulent document, that evidence appears to be nothing more than character evidence as to Jasen's propensity to do something "improper." Moreover, even if the evidence has some probative value, it would inject into the trial a civil dispute involving unrelated matters, a path which need not be taken.

In determining whether the probative value of the evidence is substantially outweighed by unfair prejudice under Rule 403, "a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness" is applied. *United States v. Calderon*, 127 F.3d 1314, 1332 (11th Cir. 1997). As the Government acknowledges, it does not need this evidence. And it seems to be factually dissimilar to the offense charged in the Indictment, as well as temporally remote.

DONE AND ORDERED this 31st day of August, 2015.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

---

[2] Before Rule 404(b) evidence is admitted, the Government must establish that (1) the evidence is relevant to an issue other that the defendant's character, (2) sufficient proof so that the defendant committed the extrinsic act, and (3) the evidence possesses probative value that is not substantially outweighed by its undue prejudice. *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992).